Opinion by
White, P. J.
§ 95. Jurisdiction of county court; injunction to restrain obstruction of road, etc.; easement. This suit was brought by appellee to restrain appellant from interfer *74 ing with a certain road, claimed to be a neighborhood road, and to require appellant to remove certain obstructions placed by him across said road. Appellee claimed an easement in the land on which the road was located, and sought to recover the easement and damages. The county judge granted the injunction prayed for. Appellant moved to dissolve the injunction and dismiss the suit, for want of jurisdiction in the county court to grant the relief prayed for. This motion was overruled, and upon a trial of the case there was a verdict for appellee for $50 damages, and judgment thereon for said damages and costs, and also perpetuating the injunction. Held, that the county court had no jurisdiction of the suit, and that the court erred in overruling appellee’s motion to dissolve the injunction and dismiss the suit. An easement or servitude may be defined to be “a right which one proprietor has to some profit, benefit or lawful use out of, or over, the estate of another proprietor.” [Washb. on Easements, 4.] It always implies an interest in land in or over which it is to be enjoyed. A case directly in point with this one is Scripture v. Kent, W. & W. Con. Rep. p. 592. In that case the plea to the jurisdiction of the county court was sustained by said court, upon the ground that the subject-matter of the suit involved an interest in land. That by sec. 16, aft. 5, of the constitution, the county court was expressly denied jurisdiction of such matters, and that by section 8 of said article all such matters are confided exclusively to the jurisdiction of the district court. In that case the court said: “The suit at bar is an injunction from the county court, enjoining the appellee from acts of obstruction and interference with a right of way, which appellant claimed to own over appellee’s land, and also to enjoin appellee from taking down a certain division fence separating the lands of appellant and appellee. The suit was also to recover damages for acts already done by appellee in obstructing said right of way, and in taking down a portion of said fence. In the county court, upon exception *75 of appellee, the cause was dismissed upon the ground of a want of jurisdiction in the county court of the subject-matters involved in it. It is plain from the principles of law applicable to the rights which the plaintiff brought his suit to maintain, that it was a suit, the trial of which involved the title or right claimed' by him in the estate which the defendant owned in the land described as such. It is equally evident that it was a right which affected the defendant’s interest and estate in the land. It was a suit brought to impose a servitude upon it, and to establish its correlative easement in favor of the owner of another estate, aud was an interest of such a character in land as was susceptible of tenure and acquisition by grant. It follows from the premises that such rights cannot be asserted in the county court by suit to try and determine them in proceedings which can affect the title. In regard to the division fence, the title and possession of land were so far involved as to make the case one for the district court and not within the jurisdiction of the county court.” [Citing Danenhauer v. Devine, 51 Tex. 480.]
January 16, 1884.
Reversed and dismissed.